494 A.2d 745

**Michael K. ALBAN, et al.,**

**v.**

**BOARD OF EDUCATION OF HARFORD COUNTY, et al.**

**No. 1440, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

July 8, 1985.
Certiorari Denied Oct. 21, 1985.

Hugh E. Donovan, Silver Spring (Donovan & Nash, Silver Spring, on brief), for appellants.

Daniel J. Moore, Towson (Semmes, Bowen & Semmes, Towson, on brief), for appellees.

Argued before MOYLAN, BLOOM and GETTY, JJ.

MOYLAN, Judge.

In January of 1981, Tracie Ann Alban, the handicapped minor child of the appellants, Michael and Jacqueline Alban, was an eighth-grade student at Fallston High School in Fallston, Maryland. As required by Education Article, §§ 8–401 through 415 of the Maryland Annotated Code, providing for special educational programs for handicapped children, the Harford County School System developed an Individual Education Program (IEP) for Tracie. In preceding school years, IEPs had been developed for Tracie's educational needs, and a review of Tracie's progress was made in May, 1980. As a result of that review, an IEP was developed for Tracie for the school year 1980–81. As part of that new program, Tracie was placed in the regular eighth-grade physical education class, with no limitations on her participation.

On January 30, 1981, participating in her physical education class, Tracie fell while attempting to maneuver on an apparatus called a "Swedish Box" and sustained serious injuries. Appellants filed the instant action against the appellees, the Board of Education of Harford County and Ms. Juanita Purnell, Tracie's physical education instructor. They contended that the appellees were negligent in placing Tracie in a regular physical education class with no special safeguards to protect the child from injury. Although in their declaration the appellants averred facts which might go to support various forms or theories of negligence, the actual claim was that Tracie should not have been placed in a regular physical education class. They alleged not negligent conduct causing the accident but anterior negligent placement.

The appellees filed a motion *in limine* to prohibit the appellants from introducing evidence concerning Tracie's placement. They based their motion on § 8–415 of the Education Article of the Maryland Annotated Code, which provides that after a placement decision for a handicapped child has been made by the appropriate county board of

education, the parent or guardian of the handicapped child may request a review of the placement decision by the local school board. Further review may be obtained from the state board and, if appropriate, the circuit court. The placement decision, however, must initially be challenged and reviewed at the administrative level.

In granting the motion, Judge Cypert O. Whitfill of the Circuit Court for Harford County found that the statutorily prescribed IEP was designed to provide a mix of special education classes and normal ones. In the instant case, the IEP developed for Tracie contained both kinds of educational treatment, with the physical education subject being taught in a normal eighth-grade class. Once the IEP had been formulated and approved by the parents, absent a request for review of that decision, Tracie was to be treated as a normal participant in the eighth-grade class. Judge Whitfill ruled that the placement of Tracie could not be challenged initially in the circuit court and that any evidence concerning the placement itself was, therefore, properly subject to the motion *in limine*.

The appellants' counsel proffered the testimony which would otherwise have been offered to the court. The appellees thereafter made a motion for directed verdict, which was granted; final judgment in favor of the appellees was entered on November 14, 1984. The appellants noted this timely appeal.

As framed by the appellants, two questions are presented for review. They are:

1) Did the circuit court err in granting defendants' motion *in limine*, and ruling inadmissible all evidence relating to the evaluation and placement of a mentally retarded child by the Harford County Board of Education, where the Board's negligent placement caused the child to suffer serious physical injuries?

2) Is the application of Maryland Annotated Code, Education Article, § 8–415, so as to prohibit litigation of a claim for money damages for physical injuries negli-

gently caused by the actions of a teacher and a local school board an unconstitutional denial of due process rights guaranteed under the United States and Maryland Constitutions?

In *Hunter v. Board of Education of Montgomery County*, 292 Md. 481, 439 A.2d 582 (1982), the Court of Appeals dealt with a case in which the parents asserted that a local school board had improperly evaluated and placed their son in the school system, subjecting the child to learning deficiencies and causing psychological damage. In sustaining a demurrer to the asserted cause of action, the Court of Appeals noted that "the General Assembly has provided a comprehensive scheme for reviewing a placement decision of a handicapped child including an appeal to the circuit court." *Id.* at 292 Md. 488, 439 A.2d 582. Citing § 8–415 of the Education Article, the Court stated that "it is preferable, in the legislature's view, to settle disputes concerning classification and placement of students and the like by resorting to these [administrative procedures] and similar informal measures than through the *post hoc* remedy of a civil action." *Id.* at 292 Md. 489, 439 A.2d 582.

Similarly, in *Doe v. Board of Education of Montgomery County*, 295 Md. 67, 453 A.2d 814 (1982), the Court of Appeals was confronted with a case in which parents of a student sued a local board of education and other educational professionals, charging negligence in the evaluation and educational placement of the child. Finding that the gravamen of the parents' complaint in that case concerned the ultimate placement of the child, the Court reasoned that "[n]o school system can operate successfully without a program for evaluating and placing its pupils. No matter how one examines it, the claim here is concerned with the proper administration of the public school system." *Id.* at 295 Md. 79, 453 A.2d 814. Relying upon both *Hunter* and *Hoffman v. Board of Education*, 49 N.Y.2d 121, 400 N.E.2d 317, 424 N.Y.S.2d 376 (1979), the Court denied relief and quoted from *Hoffman*, stating: "In our view, any dispute concerning the proper placement of a child in a

particular educational program can best be resolved by seeking review of such professional educational judgment through the administrative processes provided by statute." *Hoffman, supra,* at 49 N.Y.2d 127, 400 N.E.2d 317, 424 N.Y.S.2d 376.

The appellants have attempted to distinguish the present situation from those in *Hunter* and *Doe* by arguing that the injury complained of in this case was a physical one, whereas psychological injuries were complained of in the other two cases. It is a distinction without a difference. The issue is one of who shall first review a placement decision, not one dealing with the nature of the injury.

■ In affirming Judge Whitfill, we hold that, absent the exhaustion of administrative remedies, the appellants' claim of negligent placement was not properly before the circuit court. Administrative procedures have been set in place and must be followed prior to resort to legal process. Once the IEP was formulated and agreed to by the parents without protest or revision, the propriety of that placement decision was not challengeable in a court of law. Although the appellees might alternatively have prevailed with a preliminary motion to dismiss the suit, their motion *in limine* to preclude all evidence bearing upon an immaterial issue was, as a practical matter, equally efficacious.

■ We see no merit in the appellants' second contention. Appellants contend that this statutory scheme has denied them their constitutional right to seek redress for Tracie's injuries. This is not true. Once the IEP was agreed to and implemented, Tracie's remedies were the same as those of any other student in a physical education class. As noted in *Segerman v. Jones,* 256 Md. 109, 259 A.2d 794 (1969), normal tort concepts come into play and the teacher's actions in supervising the child are subject to the "reasonable care" standard. When a student participates in school activities such as those found in a physical education class, there are bound to be certain risks; accidents do happen. In order to seek legal recovery for injuries asserted to be

the result of negligence, parents must allege facts indicating that the teacher or school board failed to exercise reasonable care to protect the student from injury. No such facts were ever pled or proved. The appellees' motion was properly granted.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANTS.